UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

___

CECELIA J.,[1]

                       Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                       Defendant.

**Decision and Order**

19-CV-1483-HBS
(Consent)

___

## I.    INTRODUCTION

The parties have consented to this Court's jurisdiction under 28 U.S.C. § 636(c). The Court has reviewed the Certified Administrative Record in this case (Dkt. No. 6, cited hereafter as "Tr."), and familiarity is presumed. This case comes before the Court on cross-motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. Dkt. Nos. 10, 12. Plaintiff Cecelia J. challenges the final decision of the Commissioner of Social Security (the "Commissioner") that she is not entitled to Supplemental Security Income under Title XVI of the Social Security Act. The Court has deemed the motions submitted on the papers under Rule 78(b).

## II.    LEGAL STANDARD

"The scope of review of a disability determination . . . involves two levels of inquiry. We must first decide whether [the Commissioner] applied the correct legal principles in making the determination. We must then decide whether the determination is supported by substantial

___

[1] Under this District's Standing Order, any non-government party must be identified and referenced solely by first name and last initial.

evidence." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987) (internal quotation marks and citations omitted). When a district court reviews a denial of benefits, the Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g).

"The phrase 'substantial evidence' is a 'term of art' used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficient evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation and editorial marks and citations omitted). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Id.* Substantial evidence means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*; *see also Tejada v. Apfel*, 167 F.3d 770, 773-74 (2d Cir. 1999).

The substantial evidence standard applies to both findings on basic evidentiary facts and to inferences and conclusions drawn from the facts. *Stupakevich v. Chater*, 907 F. Supp. 632, 637 (E.D.N.Y. 1995); *Smith v. Shalala*, 856 F. Supp. 118, 121 (E.D.N.Y. 1994). When reviewing the Commissioner's decision, the court must determine whether "the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached" by the Commissioner. *Winkelsas v. Apfel*, No. 99-CV-0098H, 2000 WL 575513, at *2 (W.D.N.Y. Feb. 14, 2000). In assessing the substantiality of evidence, the Court must consider evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Briggs v.*

2

*Callahan*, 139 F.3d 606, 608 (8th Cir. 1998). The Court may not reverse the Commissioner merely because substantial evidence would have supported the opposite conclusion. *Id.* "The substantial evidence standard means once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." *Brault v. Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks and citations omitted).

For purposes of Social Security disability insurance benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. §§ 423(d) (2)(A) & 1382c(a)(3)(B).

Plaintiff bears the initial burden of showing that the claimed impairments will prevent a return to any previous type of employment. *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." *Id.*; *see also Dumas v. Schweiker*, 712 F.2d 1545, 1551 (2d Cir. 1983);

3

*Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980).

To determine whether any plaintiff is suffering from a disability, the Administrative Law Judge ("ALJ") must employ a five-step inquiry:

(1) whether the plaintiff is currently working;

(2) whether the plaintiff suffers from a severe impairment;

(3) whether the impairment is listed in Appendix 1 of the relevant regulations;

(4) whether the impairment prevents the plaintiff from continuing past relevant work; and

(5) whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; *Berry*, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, then the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). However, the ALJ has an affirmative duty to develop the record. *Gold v. Secretary*, 463 F.2d 38, 43 (2d Cir. 1972).

To determine whether an admitted impairment prevents a plaintiff from performing past work, the ALJ is required to determine the plaintiff's residual functional capacity ("RFC") and the physical and mental demands of the work done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). The ALJ must then determine the individual's ability to return to past relevant work given the RFC. *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994).

## III. DISCUSSION

Plaintiff asserts that the ALJ failed to meaningfully discuss or weigh the opinion evidence

in the record, which resulted in a decision grounded in the ALJ's own lay opinion and untethered to any medical expertise. The Court agrees. Put simply, the ALJ's decision reveals no meaningful rationale explaining how and why he gave the medical opinions the weight he did.

In his decision, the ALJ determined that Plaintiff has severe impairments of polysubstance abuse, diabetes mellitus, diabetic neuropathy, hypertension, asthma, and a psychiatric impairment. Tr. 16. The ALJ found that Plaintiff could perform a reduced range of light work, with a variety of highly specific exertional and non-exertional restrictions. Tr. 18.

In explaining his RFC finding, the ALJ summarizes the record evidence as follows:

> The claimant has a history of substance abuse. The medical evidence demonstrates the claimant has had multiple emergency room visits for drug abuse, including possible overdoses. She has undergone substance abuse treatment. Further, the claimant has taken methadone. The claimant has a history of anxiety and depression. She has a history of inconsistent treatment with periods of stability with treatment. The claimant has gestational diabetes while pregnant and now has diabetes, Her diabetes is under poor control. She also has compliance issues with her medication. She has experienced several incidents of diabetic ketoacidosis. The claimant also alleges neuropathic pain due to diabetes. She reports a burning sensation in her toes and feet. The claimant has a history of hypertension, for which she is prescribed medication. The claimant has a history of asthma.

Tr. 19 (citations omitted).

After describing some of that evidence in more detail, the ALJ proceeds to discuss the weight he gave to the medical opinions in the record. As to each opinion, his discussion follows the same formula: he summarizes the medical source's opinion; he states that he finds the opinion "somewhat consistent with the objective medical evidence"; he recites, word for word,

portions of the summary quoted above; and he concludes by giving the opinion "some weight." *See* Tr. 21-22. The ALJ does not acknowledge the differences between his RFC finding and each opinion, let alone justify them, and he does not explain the manner in which he relied on each opinion to craft the RFC. His discussion of the opinions is rote, conclusory, and formulaic.

Under these circumstances, remand for further proceedings and a new decision is appropriate. It is well-established that an ALJ must express the reasons underlying his findings with enough clarity to afford "meaningful judicial review." *Taylor v. Comm'r of Soc. Sec.*, No. 14-CV-814, 2015 WL 4649820, at *9 (N.D.N.Y. Aug. 5, 2015). To that end, an ALJ must avoid "rote analysis" and "conclusory explanations," and must discuss "the crucial factors in any determination with sufficient specificity to enable the reviewing court to decide whether the determination is supported by substantial evidence." *Pamela P. v. Saul*, No. 19-CV-575, 2020 WL 2561106, at *5 (N.D.N.Y. May 20, 2020) (internal ellipsis and quotation marks omitted). The ALJ's decision does not conform to these basic requirements.

A few examples will suffice. In his discussion of the record evidence, the ALJ does not explain how the evidence he cites supports the functional limitations he imposes. Rather, he summarizes the medical evidence related to each impairment and then concludes by stating that such evidence supports the limitations he found; he articulates no underlying rationale. *See* Tr. 20-21; *see, e.g.*, *Gorny v. Comm'r of Soc. Sec.*, No. 18-CV-06, 2018 WL 5489573, at *4 (W.D.N.Y. Oct. 29, 2018) ("Although the ALJ summarized the record . . . he did not explain how the record evidence supported his RFC findings, which was improper."); *De Leon v. Colvin*, No. 13-

CV-4540, 2014 WL 4773966, at *2 (E.D.N.Y. Sept. 24, 2014) ("The ALJ simply stated his RFC finding and broadly cited to multiple exhibits in the record. To the extent the ALJ relied on evidence in the record in making his RFC finding, he provided no connecting analysis."); *Beers v. Comm'r of Soc. Sec.*, 449 F. Supp. 3d 96, 100 (W.D.N.Y. 2020) ("It is the ALJ's responsibility to build an accurate and logical bridge from the evidence to his or her conclusion to enable a meaningful review." (internal ellipsis and brackets omitted)). The Court cannot conduct a meaningful review of the ALJ's decision without some indication of what inferences the ALJ drew from the record evidence and how those inferences led him to his RFC finding.

As for the ALJ's analysis of the medical opinions, there are two substantive gaps that preclude meaningful review. First, the ALJ states that all of the opinions are only "somewhat consistent with the objective medical evidence," but he offers no rationale to support that conclusion. He simply recites his summary of the record evidence. *See McGuire v. Comm'r of Soc. Sec.*, No. 18-CV-6554, 2020 WL 858117, at *3 (W.D.N.Y. Feb. 21, 2020) (ALJ's weighing of opinion evidence was erroneous, where rationale was limited to "bald statement" that the "opinions were vague and inconsistent with the record"); *Gustafson v. Berryhill*, No. 18-CV-1026, 2019 WL 4744822, at *7 (D. Conn. Sept. 30, 2019) (same). Second, the ALJ fails to identify which portions of the opinions he is adopting and which he is rejecting. *See, e.g., Cloud v. Comm'r of Soc. Sec.*, No. 19-CV-460, 2020 WL 5200695, at *3 (W.D.N.Y. Sept. 1, 2020) ("The decision is unclear as to which portions of [the consultative examiner's] opinion the A.L.J. decided to accord some weight and which portions she rejected, which is error."). These gaps leave the

Court unable to determine *how* the ALJ relied on the opinions to construct the RFC and *why* he relied on the opinions in the way that he did.

The Court's concern is not just that the ALJ's decision was insufficiently detailed or thorough. The errors the Court has identified suggest a more substantive error in the ALJ's analysis: "If [an] ALJ does not explicitly articulate, or a reviewing court cannot otherwise discern, how the ALJ arrived at particular restrictions, it raises the specter that the ALJ either cherry-picked the evidence to justify a pre-ordained conclusion, or interpreted the medical evidence based on [his] own lay judgment—both of which constitute error." *McGirr v. Comm'r of Soc. Sec.*, No. 19-CV-1004, 2020 WL 3467416, at *2 (W.D.N.Y. June 25, 2020). Because the Court cannot determine that the ALJ applied the proper standards and arrived at a conclusion supported by substantial evidence, remand for further proceedings is warranted.

## IV.   CONCLUSION

For the reasons discussed herein, the Court denies the Commissioner's motion (Dkt. No. 12) and grants Plaintiff's cross-motion (Dkt. No. 10). The Court vacates the Commissioner's final decision and remands the matter for further proceedings consistent with this Decision and Order. The Clerk of Court is directed to close the case.

SO ORDERED.

*/s/Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

DATED: February 8, 2021